NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY S. CLARK, | : |
| Plaintiff, | : Civ. No. 19-7855 (GC) (DEA) |
| v. | : |
| JOSHUA D. DETZKY, et al., | : OPINION |
| Defendants. | : |

**CASTNER, District Judge**

### I. INTRODUCTION

Plaintiff, Anthony S. Clark ("Plaintiff" or "Clark"), is proceeding *pro se* with a proposed Third Amended Complaint ("TAC") (ECF 10). Previously, this Court granted Plaintiff's request to proceed *in forma pauperis*. (*See* ECF 4).

The allegations of the TAC will be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's TAC shall proceed in part.

### II. FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the TAC shall be construed as true for purposes of this screening Opinion. Plaintiff names the following as Defendants in the TAC:

1. County of Monmouth[1]

---

[1] The caption on CM/ECF names the County of Monmouth Prosecutor's Office as a Defendant. However, Plaintiff does not name this entity as a Defendant in his Third Amended Complaint. Thus, the Clerk will be directed to terminate this Defendant, but add the County of Monmouth as a named Defendant in the caption.

2. Ocean Township Police Department

3. Detective Jesse Orbach – Ocean Township Police Department

4. Assistant Prosecutor Keri Leigh-Schafer – Monmouth County Prosecutor's Office

5. Assistant Prosecutor Joshua D. Detzky – Monmouth County Prosecutor's Office

6. Acting Prosecutor Christopher J. Gramiccioni – Monmouth County Prosecutor's Office

Plaintiff alleges Defendant Orbach gave false and fraudulent testimony to obtain a warrant against Plaintiff arising from a store robbery. (*See* ECF 10 at 3). Among the issues Plaintiff alleges Orbach omitted in his affidavit in support of the warrant were the following:

1. Omitting Plaintiff had his hands raised along with the sales clerk;

2. Omitting that a gunman is seen on a video holding a gun behind Plaintiff;

3. Omitting that the store employees never included a description of Plaintiff to police as a suspect;

4. Omitting that store employees described Plaintiff as being pushed by one of the men holding a gun;

5. Omitting that Plaintiff was not in possession of a firearm;

6. Falsely asserting two subjects brandished firearms when police reports indicating three subjects brandished firearms;

7. Falsely asserting Plaintiff forced victims into a backroom at gunpoint;

8. Falsely asserting Plaintiff asked where merchandise was;

9. Falsely asserting Plaintiff was led to a rear storage room by employees; and

10. Falsely asserting that a third suspect entered the store and zip tied victims.

(ECF 10 at 8-9). Plaintiff states the Magistrate Judge would have never issued a warrant against Plaintiff without Defendant Orbach's included falsities. (*See id.* at 8). In addition to purportedly

providing false information on an affidavit of probable cause in support of a warrant against Plaintiff, Orbach also purportedly gave false testimony to a grand jury to help the prosecution obtain an indictment against Plaintiff. (*See id.* at 4).

Next, Plaintiff alleges Defendant Detzky on two separate occasions submitted court briefs that contained the same false misrepresentations that Orbach provided in his affidavit of probable cause to obtain the warrant against Plaintiff. (*See id.* at 5).

Plaintiff sues Defendants for false arrest and imprisonment as well as malicious prosecution. (*See id.* at 11).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. Defendant Orbach

This Court will permit Plaintiff's claims to proceed against Defendant Orbach in part. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Immunity is generally extended to "an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." *Adams v. Officer Eric Selhorst*, 449 F. Appx. 198, 202 (3d Cir. 2011) (citing *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." *Id.* (citing *Berg*, 219 F.3d at 273). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst,* 449 F. App'x 198, 201 (3d Cir. 2011) (citing *Groman,* 47 F.3d at 636). Thus, a claim of false imprisonment in this

5

context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office,* No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman,* 47 F.3d at 636).

Plaintiff sues Defendant Orbach for purportedly providing a false affidavit in support of a warrant against him. "A section 1983 plaintiff who challenges the validity of a . . . warrant by asserting that law enforcement agents submitted a false affidavit to the issuing judicial officer must satisfy the two-part test developed by the Supreme Court" in *Franks v. Delaware,* 438 U.S. 154 (1978). *See Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir. 1997). "Under *Franks,* falsehoods are deemed material to the finding of probable cause if the affidavit, 'with the . . . false material set to one side . . . is insufficient to establish probable cause.'" *Id.* (quoting *Franks*, 438 U.S. at 156).

Plaintiff has stated sufficient facts related to Orbach's actions in purportedly submitting a false affidavit to obtain a warrant against him such that that portion of Plaintiff's claims against Defendant Orbach shall proceed past screening.

Nevertheless, Plaintiff's claims related to Defendant Orbach's purported false testimony to the grand jury shall not proceed. Indeed, witnesses are immune from civil liability for such testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 359 (2012).

B. <u>County of Monmouth/Ocean Township Police Department</u>

Next, Plaintiff names the County of Monmouth and the Ocean Township Police Department as Defendants. A plaintiff may not hold a municipal entity liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978). Instead, a viable § 1983 municipal liability claim must include allegations that a government entity has adopted a particular policy or custom, "whether made by its

6

lawmakers or by those whose edicts or acts may fairly be said to represent official policy," and that such policy or custom has been "the moving force" behind the deprivation of an individual's constitutional rights. *Id.* at 694. Municipal policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers"; municipal customs, however, may take less conspicuous form. *See Simmons v. City of Phila.,* 947 F.2d 1042, 1059 (3d Cir. 1991) (citing *Monell,* 436 U.S. at 690). A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "'so permanent and well settled' as to have the force of law." *Id.* (citing *Monell,* 436 U.S. at 691).

Plaintiff does not state with any facial plausibility that the County of Monmouth and/or the Ocean Township Police Department adopted a particular policy or custom related to detectives submitting false affidavits of probable cause in support of warrants. Thus, Plaintiff's claims against the County of Monmouth and the Ocean Township Police Department are dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. Defendants Leigh-Schafer/Detzky/Gramiccioni

Finally, Plaintiff names prosecutors Leigh-Schafer, Detzky and Gramiccioni as Defendants (collectively the "Prosecutor Defendants"). The only specific factual allegations in the TAC against these three individuals, however, are against Defendant Detzky. Defendant Detzky allegedly submitted legal briefs in court which recited the purported untruths within Orbach's affidavit of probable cause.

A "state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *See Imbler v. Pachtman,* 424 U.S. 409, 410 (1976). In particular, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding[ ] or appears in court to present

7

evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). Further, a prosecutor's actions "which occur in the course of his role as an advocate for the [government], are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Id.*

Prosecutorial immunity is very broad. Prosecutors are immune from a § 1983 civil suit for damages for:

> (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials; and (4) the knowing use of perjured testimony in a judicial proceeding.

*Jones v. Murphy*, No. 19-21629, 2022 WL 1229515, at *3–4 (D.N.J. Apr. 26, 2022) (internal citations omitted).

In this case, this Court construes Plaintiff's claims against the Prosecutor Defendants related to their role in obtaining grand jury testimony and submitting legal briefs to the court in support of pursuing a criminal action against Plaintiff. The prosecutor Defendants though are shielded from such claims pursuant to prosecutorial immunity.

Plaintiff also alludes to malicious prosecution as a potential claim for relief. To prove malicious prosecution under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing a plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent

with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (citation omitted).

Plaintiff has not alleged that his criminal proceedings ended in his favor. As a result, he fails to meet one of the requisite elements of properly stating a malicious prosecution claim. *See Smith v. Wagner*, 573 F. App'x 94, 96 n.2 (3d Cir. 2014) ("[B]ecause Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution[.]") (citation omitted). Accordingly, Plaintiff's claims against the Prosecutor Defendants are dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Orbach related to preparing a purportedly false affidavit of probable cause shall proceed past screening. Plaintiff's claims against Defendant Orbach related to his grand jury testimony are dismissed with prejudice for failure to state a claim. Plaintiff's claims against the remaining Defendants are dismissed without prejudice for failure to state a claim and/or because the Defendants are immune from suit based on the factual allegations in the TAC. An appropriate Order will be entered.

DATED: May 5, 2023

GEORGETTE CASTNER
United States District Judge